## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8133 | **DATE** | 1/21/2003 |
| **CASE TITLE** | SR International Business vs. World Trade Center | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached order, the Court grants the Silversteins Parties' motion to compel compliance with their subpoena (1-1) and denies the PLRB's request for in camera inspection. The PLRB is directed to comply with the subpoena within ten days of this order. Documents produced pursuant to the subpoena may not be used for any purpose other than the pending litigation, and they must be returned or destroyed following the completion of the litigation.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 27 2003 date docketed | 13 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JAN 27 AM 8:14 | date mailed notice | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SR INTERNATIONAL BUSINESS )
INSURANCE CO., LTD., )
)
Plaintiff, )
)
vs. ) Case No. 02 C 8133
)
WORLD TRADE CENTER )
PROPERTIES, LTD., )
)
Defendant. )
———————————————————)
) **DOCKETED**
) JAN 2 7 2003
PROPERTY LOSS RESEARCH BUREAU, )
)
Subpoena respondent. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This Memorandum Opinion concerns a subpoena *duces tecum* served in this District in connection with a case pending in the Southern District of New York. The underlying lawsuit involves an insurance company's request for a declaratory judgment regarding various aspects of its liability on claims made by the leaseholders of office buildings at the World Trade Center in New York City following the destruction of those buildings by terrorists on September 11, 2001. The defendants, referred to in the parties' papers as the "Silverstein Parties," have counterclaimed to recover from approximately two dozen insurance companies on policies they issued covering the buildings.

In the underlying litigation, the parties dispute the meaning of a number of terms

13

contained in one or more of the insurance policies. Among other things, they dispute whether the buildings were destroyed by one occurrence (on the theory that the airplane strikes on the World Trade Center towers were part of a single plot) or two (because two separate strikes occurred); the Silverstein parties represent that resolution of this issue may turn on the meaning of the terms "occurrence," "accident," and "event." Determination of recoverable losses may turn on the meaning of terms such as "actual cash value" and "obsolescence." Nearly $7 billion is purportedly at stake.

The judge presiding over this litigation in the Southern District of New York, Judge John Martin, Jr., set a discovery cutoff date of September 30, 2002. On July 18, 2002, the Silverstein parties served a subpoena on the Property Loss Research Bureau, an insurance industry trade association located in this District. The subpoena sought, among other things, documents regarding the meaning of certain common terms used in the insurance policies at issue. The PLRB objected to the subpoena on various grounds and declined to produce documents. After extensive discussions held in late August 2002, the PLRB persisted in its position. On September 4, 2002, the Silverstein parties moved to compel, and Judge Gottschall, to whom the matter was assigned, referred it to Magistrate Judge Brown for ruling. Judge Brown denied the motion to compel on September 25, 2002 on grounds of overbreadth. The Silverstein parties have appealed this ruling to Judge Gottschall, but because of the impending discovery cutoff date, they served the PLRB with a second, narrower subpoena that same date. The subpoena called for the PLRB to produce the requested documents on September 30. The PLRB again declined to comply, which led the Silverstein parties to move to compel production. The motion was assigned to this Court's docket. Neither party has asked for transfer of this dispute to Judge

2

Gottschall or Magistrate Judge Brown as a related matter to the pending matter regarding the first subpoena.

The PLRB first objects that it was not given a reasonable time to comply with the subpoena, in violation of Federal Rule of Civil Procedure 45(c)(3)(A)(i). Though the period allowed by the subpoena ordinarily would not suffice, in the particular circumstances of this case the short period does not warrant denying the Silverstein Parties' motion to compel. It is undisputed that the new subpoena is simply a narrower version of the subpoena first served on the PLRB in July; the Silverstein parties eliminated requests found by Magistrate Judge Brown to be overbroad. The PLRB was fully familiar with the contents of the subpoena, and it is undisputed that it had no intention of producing the requested documents without a court order. Moreover, on September 27, after the Silverstein parties were served with the PLRB's objections, which included a timeliness objection, they gave the PLRB more time to comply. The Court agrees with the Silverstein parties that the timeliness objection was effectively rendered moot at that point. PLRB cannot avoid adjudication of the merits of the subpoena by running out the clock in the underlying litigation.[1]

With that we turn to the merits of the parties' dispute. The PLRB is a not-for-profit association owned and operated by insurance companies and underwriting organizations, including many of the insurers involved in the underlying litigation. The PLRB's promotional material reflects that, among other things, it provides its members with research and analysis of claims coverage issues and "promote[s] clarity in, and understanding of, insurance policy

---

[1] The Silverstein parties have represented, and the PLRB does not dispute, that the judge presiding over the underlying litigation has permitted the parties to complete discovery that was served and/or noticed prior to the September 30, 2002 discovery cutoff date.

3

language." Mem. in Support of Mot. to Compel, Ex. A at 3. It also maintains databases that contain what it describes as a "vast repository of property insurance legal and claims handling information." *Id.* at 4. Finally, the PLRB provides its members with answers to coverage questions which may include analysis of policy language. *Id.*

The Silverstein Parties' September 25 subpoena contains three requests that are at issue (a fourth request was withdrawn after the PLRB objected that compliance would be unduly burdensome):

1. All documents reflecting communications between the PLRB and the Member Insurers concerning the World Trade Center Complex, the Silverstein Parties, or any coverage questions relating to or coverage terms in the property insurance coverage provided by the Member Insurers to the Silverstein Parties on the World Trade Center Complex.

2. All documents reflecting communications between the PLRB and the Member Insurers concerning the meaning of the terms occurrence, accident, event, actual cash value, or obsolescence as used in first party property insurance policies.

3. All documents provided to Member Insurers by the PLRB which concern the meaning of the terms occurrence, accident, event, actual cash value, or obsolescence as used in first party property insurance policies.

Mem. in Support of Mot. to Compel, Ex. J. The PLRB objects to these requests, claiming that they seek documents that are not relevant, that they are overly broad and impose an unduly burdensome obligation on the PLRB, and that they seek proprietary and confidential documents without a showing of substantial need. We will deal with these arguments in reverse order.

First, the PLRB has failed to show that the information that the Silverstein Parties seek constitutes a trade secret. Though the PLRB may have a significant interest in preserving its database, the subpoena is limited to documents given to, or that reflect communications with, the

4

particular PLRB members involved in the pending litigation. The PLRB has provided the Court with no support for its claim that such documents constitute confidential trade secrets. The Court's order compelling production will preclude use of the documents for any purpose other than the pending litigation, and will require the documents' return or destruction following the completion of the litigation,[2] but PLRB's argument does not warrant denial of the Silverstein Parties' motion to compel.

Second, PLRB has failed to show that compliance with the subpoenas would be unduly burdensome. The subpoena's requests are limited in scope and are confined to a defined time period. Compliance may be time-consuming, but the subpoenas do not impose an undue burden. Moreover, the PLRB has offered to provide the documents to the Court for *in camera* inspection. This tends to undercut any claim of undue burden.

The most significant objection concerns the relevance of the requested documents. Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Evidence need not be admissible at trial to be relevant within the meaning of Rule 26(b)(1), so long as the discovery requests "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." *Id.* This standard encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

This Court, of course, is not presiding over the underlying litigation. We are required to decide this dispute to decide solely because of the fortuity of the PLRB's presence in this District

---

[2] The Court is willing to consider any other reasonable terms as part of a protective order.

5

and the fact that the Federal Rules contemplate that disputes over subpoenas which must be served outside the reach of the District where the underlying case is pending to be litigated in the District where the subpoena was served. *See* Fed. R. Civ. P. 45(a)(2) (subpoena for records is to be issued by Court where document production is to occur); *id.* 45(b) (limitation on geographic reach of subpoena); *id.* 45(c)(3)(A) (giving court that issued subpoena the authority to quash or modify it). As former District Judge, now Circuit Judge, Ann Williams has stated, "A district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be 'especially hesitant to pass judgment on what constitutes relevant evidence.'" *Channelmark Corp. v. Destination Products International, Inc.*, No. 97 C 214, 2000 WL 968818, at *2 (N.D. Ill. July 7, 2000) (quoting *Truswal Systems Corp. v. Hydro-Air Engineering*, 813 F.2d 1207, 1210 (Fed. Cir.1987)). It will be up to Judge Martin to decide what evidence is ultimately admissible; were this Court to draw the metes and bounds of discovery too narrowly, we would essentially be making that decision for him. For these reasons, it is appropriate for this Court to give a broad reading to Rule 26(b)(1)'s scope; PLRB's relevance objection should be overruled if there is any reasonable possibility that the requested documents may be admissible, or may lead to the discovery of admissible evidence. "'[W]here relevance is in doubt, [Rule 26(b)(1)] indicates that the court should be permissive.'" *Channelmark*, 2000 WL 968818, at *2 (quoting *Truswal*, 813 F.2d at 1211-12).

The Court finds that the materials subpoenaed by the Silverstein parties meet Rule 26(b)(1)'s test of relevance. The outcome of the litigation before Judge Martin turns in significant respect on the resolution of disputes over the construction of the language of the insurance policies. New York law, which evidently governs construction of the policies, permits

6

inspection. The PLRB is directed to comply with the subpoena within ten days of this order. Documents produced pursuant to the subpoena may not be used for any purpose other than the pending litigation, and they must be returned or destroyed following the completion of the litigation.

                                           MATTHEW F. KENNELLY
                                           United States District Judge

Date:   January 21, 2003

introduction of extrinsic evidence to determine the meaning of ambiguous policy terms, *see, e.g., Morgan Stanley Group Inc. v. New England Insurance Co.*, 225 F.3d 270, 275-76 (2d Cir. 2000), and allows the introduction of "custom and usage" evidence to determine whether a policy provision is ambiguous in the first place, *see International Multifoods Corp. v. Commercial Union Insurance Co.*, 309 F.3d 76, 83 (2d Cir. 2002). Judge Martin has indicated in another context that custom and practice may be relevant in construing the insurance policies at issue in this case. *SR International Business Insurance Co. v. World Trade Center Properties LLC*, No. 01 CIV 9291, 2002 WL 1868729, at *1 (S.D.N.Y. June 4, 2002). The Silverstein Parties' subpoena requests documents which may bear on the insurers' construction of the pertinent language and on how those terms are customarily construed in the insurance business. The subpoena therefore passes muster under Rule 26(b)(1).

Finally, as noted earlier, the PLRB has asked the Court to examine the requested documents *in camera* to determine their relevance. The Court sees no need for *in camera* inspection. The subpoena is narrowly focused on relevant evidence, and there is no basis for a claim that the requested materials are privileged or constitute trade secrets. This Court, which is twice-removed from the determination of the merits of the parties' legal claims – we are neither a combatant nor a referee – is unlikely to be able to provide meaningful input regarding the materiality of the requested records beyond our determination that the requests themselves are proper.

## Conclusion

For the foregoing reasons, the Court grants the Silverstein Parties' motion to compel compliance with their subpoena [docket item 1-1] and denies the PLRB's request for *in camera*

7